UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>FREDERICKA AND TAMMIKA CAULKINS | CASE NO: 09-63246<br>CHAPTER: 13<br>HONORABLE: TUCKER |

Debtor(s)
_____/

## ORDER CONFIRMING PLAN

The Chapter 13 plan was duly served on all parties in interest. A hearing on confirmation of the plan was held after due notice to parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. S1325(a) are met.

Therefore, IT IS HEREBY ORDERED that the Debtor(s) Chapter 13 plan, as last amended, if at all, is confirmed.

IT IS FURTHER ORDERED that the claim of <u>FREGO AND BRODSKY</u>, attorney for the Debtor(s), for the allowance of compensation and reimbursement of expenses is allowed in the total amount of $<u>fee app</u> in fees and $<u> fee app </u> in expenses and that the portion of such claim which has not already been paid, to-wit: $<u>fee app</u> shall be paid by the Trustee as an administrative expense of this case.

IT IS FURTHER ORDERED that the Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and contract.

All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 U.S.C. S502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan, as well as all fees due the Clerk pursuant to statute.

IT IS FURTHER ORDERED as follows:

[X] The Internal Revenue Service is ordered to direct to the Chapter 13 Trustee the requisite refunds to which the Debtor(s) become(s) entitled during the pendency of this Chapter 13 proceeding.

[X] The Debtors' Chapter 13 plan shall continue for the length stated and/or offer the amount stated, whichever yields the greater dividend to unsecured creditors.

[X] The Debtors' Chapter 13 plan payments shall increase to $215.24 per bi-weekly starting September 1st, 2010 upon completion of direct payments to Citizens Bank.

[X] The term "in full satisfaction" is hereby stricken as to Creditor Independent Bank.

[X] Beneficial Finance shall be treated as an unsecured claim in the amount of $35,032.96 per docket number 6 in the adversary case number 09-05599, if a the creditor files a timely proof of claim.

[X] In the event that debtor(s) fail to make any future Chapter 13 plan payment, the Trustee may submit a notice of default served upon the debtor(s) and debtor's counsel and permitting 30 days from the date of service of the notice in which to cure any and all defaults in payments. If debtor(s) fails to cure the defaults in payments after having been provided notice under the provisions of this order, then the Trustee may submit an Order of Dismissal to the Bankruptcy Court along with an affidavit attesting to a failure to make plan payments, and the proceedings may be thereafter dismissed without a further hearing or notice.

APPROVED:

OBJECTIONS WITHDRAWN

_____
U.S. BANKRUPTCY JUDGE

| | | |
|---|---|---|
| /s/ Tammy L. Terry<br>TAMMY L. TERRY<br>CH 13 STANDING TRUSTEE<br>535 GRISWOLD, SUITE 2100<br>DETROIT, MI 48226<br>313.967.9857 | /s/Jonathon Rosenthal<br>FOR CREDITOR:<br>Creditor Independent Bank<br><br>_____<br>FOR CREDITOR | /s/ Glen Turpening<br>JAMES P. FREGO (P55727)<br>GLEN TURPENING (P65230)<br>23843 Joy Road<br>Dearborn Heights, MI 48127<br>(313) 565-4252 |

.

**Signed on November 25, 2009**

                                                               **/s/ Thomas J. Tucker**
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**